**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ | ) |
| CHRISTOPHER IHEBEREME, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )      Civil Action No. 10-1106 (ABJ) |
| | ) |
| CAPITAL ONE N.A. | ) |
| as Successor by Merger to | ) |
| Chevy Chase Bank, F.S.B., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiffs' Fed. R. Civ. P. 59 motion for reconsideration of the Order granting summary judgment to defendants, *see* March 28, 2013 Order ("Order") [Dkt. # 40], and for new trial. Plaintiffs have not satisfied the requirements of Rule 59 and for the reasons discussed below, plaintiffs' motion will be denied.

**BACKGROUND**

On March 28, 2007, plaintiff Christopher Ihebereme purchased a house in the District of Columbia and signed a thirty-year promissory note for $280,000. *See* Note, Ex. A to Defs.' Mot. for Summ. J. and Alternative Mot. for J. on the Pleadings ("Defs.' Mot.") [Dkt. #34-1]. His nephew, plaintiff Chidozie Ihebereme, co-signed the mortgage. Note at 3. The Note required Christopher Ihebereme to pay $1,816.08 on the first day of every month until the mortgage was paid off. *Id.* ¶ 3. Plaintiffs were required to make monthly payments to a specified address or "at a different place if required by the Note Holder." *Id.* ¶ 3. The promissory note also provided

a grace period of fifteen days from the date a payment was due before the payment would be considered late. *See id.* ¶ 6.

Plaintiffs also signed a Deed of Trust which required them to pay principal, interest, and funds into escrow every month, which included $406.00 per month toward private mortgage insurance ("PMI"). *See* Deed of Trust, Ex. C to Defs.' Mot. [Dkt. #34-3]; Commitment/ Certificate, Ex. D to Defs.' Mot. [Dkt. #34-4]. To have the PMI requirement discontinued, the loan balance had to have amortized or have been "paid down to 78% of the original value <u>and</u> [plaintiff was] current on [his] monthly payments." Addendum to Loan Application, Ex. G to Defs.' Mot. [Dkt. # 34-7] ¶ 11 (emphasis in original). Plaintiffs made monthly payments from May 2007 through March 2009. However, defendants denied plaintiffs' request to have the PMI removed on the grounds that the borrower "must have had no payment 30 days or more past due in the 12 months preceding the date on which the mortgage insurance will be cancelled and must have had no payment 60 days or more past due in the 24 months preceding that date." Letter from Karen Neugebauer to Christopher Ihebereme (April 10, 2009), Ex. H to Defs.' Mot. [Dkt. # 34-8] at 1.

Plaintiffs' suit revolved around four core issues: 1) defendants' alleged refusal to permit plaintiff to make his monthly mortgage payments online, 2) defendants' alleged failure to properly credit three payments in a timely manner, 3) defendants' alleged improper calculation and maintenance of the PMI requirement on the mortgage, and 4) allegedly false statements defendants made about the loan to credit bureaus and to Christopher Ihebereme's family which they did not correct. *See generally* 2d Am. Compl. [Dkt. # 24].

After the case was removed to this Court from the D.C. Superior Court, plaintiffs filed a second amended complaint on June 24, 2011. 2d Am. Compl. In their second amended

complaint, plaintiffs sued for breach of contract, breach of duty of good faith and fair dealing, fraud, violations of the D.C. Consumer Protection Procedures Act, defamation, promissory estoppel, violations of the Homeowner's Protection Act, and violations of the Fair Credit Reporting Act. *Id.* at ¶¶ 13–116. The parties engaged in discovery, which closed on January 20, 2012. *See* Minute Entry (Jan. 17, 2012).

On July 7, 2013, defendants filed a motion for summary judgment and in the alternative a motion for judgment on the pleadings, which was fully briefed. *See* Defs.' Mot. [Dkt. # 34]; Pls.' Opp. to Defs.' Mot. [Dkt. # 35]; Defs.' Reply in Supp. of Defs.' Mot. [Dkt. # 37]. The Court granted defendants' motion for summary judgment on March 28, 2013 on all counts. *See* Order. Plaintiffs have now filed a motion for reconsideration of this Court's Order, pursuant to Fed. R. Civ. P. 59(e).

## STANDARD OF REVIEW

"Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001), citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998). Specifically, "'[a] Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004), quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008), quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995); *see*

*also Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) ("In this Circuit, it is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.") (internal quotation marks and citations omitted). Furthermore, Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## ANALYSIS

Plaintiffs' Rule 59(e) motion is untimely[1] and the Court could deny the motion on that basis alone. However, even if the Court were to consider the motion, it fails because plaintiffs have not presented new evidence, demonstrated that the Court's ruling is legally erroneous, presented an intervening change of law, or shown that denying the motion would create manifest injustice. Although plaintiffs point to certain material from the documentary record, the "new evidence" plaintiffs have proffered in connection with this motion consists solely of excerpts from the same record the Court reviewed and relied upon in deciding defendants' motion for summary judgment. Even if some of the documents were not previously specifically referenced in the parties' summary judgment submissions, that does not make them "new;" plaintiffs had them in their possession during discovery and failed to submit them to the Court. Therefore, plaintiffs' motion for reconsideration will be denied.

The crux of plaintiffs' argument is that the Court relied upon an incomplete factual record. *See* Pls.' Mot. for Recons. ("Pls.' Mot.") [Dkt. #  ] at 1–2. Specifically, plaintiffs claim

---

[1]     The Court issued its final order on March 28, 2013. Plaintiff filed his motion for reconsideration on May 24, 2013, more than 28 days after the Court's entered its judgment. Fed. R. Civ. P. 59(e) ("[M]otion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

that they have brought forth new evidence to demonstrate a genuine issue of material fact regarding their claims of breach of the duty of good faith and fair dealing and their claim of defamation. *See id.* However the exhibits plaintiffs submit are not "new evidence" within the meaning of Rule 59(e).

## I.       Breach of Duty of Good Faith and Fair Dealing

### A.       Claim Regarding Paying Mortgage Online

Plaintiffs alleged that defendants breached their duty when they "arbitrarily refused" to allow plaintiffs to make mortgage payments online or at the bank branch locations. 2d Am. Compl. ¶¶ 26–27. Although the Note specified that payments should have been mailed to "P.O. Box 17000, Baltimore, MD 21203 or at a different place if required by the Note Holder," the Court held that the Note did not specifically prohibit payment by any other method and therefore the relevant question was "whether the record [demonstrated that] defendants interfered with" plaintiffs' ability to make payments. *Ihebereme v. Capital Once, N.A.*, 933 F. Supp. 2d 86, 103 (D.D.C. 2013). The Court found that there was no such evidence to indicate defendants intentionally interfered with plaintiffs' ability to perform under the contract. *Id.*

Plaintiffs present exhibits 1D, 2A, 2B, and 3Biv as "new evidence" to speak to the Court's conclusions regarding this claim. Exs. to Pls.' Mot. ("Exhibits") [Dkt. #45-1] at 16–25, 31. However these exhibits are not new because the parties had already argued the substance of these documents in their briefs. *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009) (rejecting plaintiff's "new evidence" on the grounds that it was "already argued in [the parties'] briefs regarding the motion to dismiss[,]" which the court "explicitly analyzed . . . and ruled against . . . ."). These documents were previously included in the factual record the Court relied upon during the pendency of defendants' motion for summary judgment,

contrary to plaintiffs' contention. Specifically, these exhibits were attached to plaintiffs' opposition. Ex. 7 to Pls.' Opp. to Defs.' Mot. [Dkt. #35-7] at 2–4; Ex. 15 to Pls.' Opp. to Defs.' Mot. [Dkt. # 35-15]. Although exhibit 2B incorporates more pages than were originally filed, plaintiffs use the exhibit to reargue facts that the parties conceded and arguments that the Court previously rejected in its March 2013 decision.[2] This provides sufficient grounds to deny plaintiffs' motion for reconsideration for this claim. *Ctr. for Pub. Integrity v. FCC*, 515 F. Supp. 2d 167, 169 (D.D.C. 2007), quoting *Pearson v. Thompson*, 141 F. Supp. 2d 105, 107 (D.D.C. 2001) ("A motion for reconsideration will not be granted if a party is simply attempting to renew factual or legal arguments that . . . [were] asserted in . . . [the] original briefs and that were already rejected by the Court.") (internal quotation marks omitted).

### B. Claim Regarding Failure to Credit Payments Timely

Plaintiffs also claimed that defendants breached their duty by failing to credit the December 2008, January 2009, and February 2009[3] payments in a timely manner. The Court found that "[p]laintiff offer[ed] no evidence, other than unsubstantiated claims . . . showing that the bank delayed crediting the December 2008 payment" and "no evidence that show[ed] when the January 2009 payment was made." *Ihebereme*, 933 F. Supp. 2d at 105. The Court granted defendants' motion because a reasonable fact-finder could not find for plaintiffs on this claim. *Id.*

---

[2] These exhibits reflect that defendants mistakenly applied plaintiffs' February 2009 payment late and that bank tellers had difficulty processing payments. However, these facts were already before the Court, and the Court found did not they did not establish the alleged *intentional* interference with plaintiffs' ability to make payments. *Ihebereme*, 933 F. Supp. 2d at 103–04.

[3] Defendants conceded the February 2009 payment was mistakenly credited late. Defs.' Mot. at 4–5.

Plaintiffs present exhibits 3Bi, 3Bii, and 3Biii as "new evidence" to raise a genuine issue of material fact regarding the timeliness of those payments. Exhibits at 26–30. Although exhibits 3Bii and 3Biii were not previously before the Court, plaintiffs concede that they possessed these documents during discovery, so they therefore cannot constitute new evidence. Pls.' Mot. ¶¶ I, J; *see also Exxon Shipping Co.*, 554 U.S. at 485 n.5, quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995) ("[Motions for reconsideration] may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (internal quotation marks omitted). Exhibit 3Bi was not previously submitted to the Court, but it does not support reconsideration because it does not supply facts that would demonstrate that the Court's ruling was legally erroneous. Exhibit 3Bi addresses conversations between plaintiffs and defendants' employees in March 2008, which do not alter the Court's reasoning regarding the December 2008, January 2009, or February 2009 payments. Furthermore, these documents appear to relate to factual allegations that the Court previously considered.[4]

### C. Claim Regarding PMI

Plaintiffs also claimed that defendants breached their duty of good faith and fair dealing by miscalculating the PMI and affecting plaintiffs' eligibility to have the PMI removed by crediting plaintiffs' payments late. The Court granted defendants' motion for summary judgment with regard to these claims because plaintiffs did not meet the requirements to have the

---

[4]     Exhibits 3Bii and 3Biii relate to a fact that defendants conceded: that the bank mistakenly characterized the February 2009 payment as late on March 19, 2009 and that bank tellers attempted to assist in processing payments. *See supra* note 2.

PMI removed,[5] and plaintiffs' claim regarding the PMI miscalculation was unsubstantiated in the record. *Ihebereme*, 933 F. Supp. 2d at 105.

Plaintiffs present exhibits 1,1A, 1B, 1C, and 4 as "new evidence" to challenge the Court's conclusions, but these exhibits are also not new. *See* Exhibits at 1–15, 32. Exhibit 1A and 1C were included as exhibits to plaintiffs' opposition. Ex. 3 to Pls.' Opp. [Dkt. # 35-3]. Exhibit 1B is an excerpt from plaintiff Christopher Ihebereme's deposition which was not, but could have been, included in the original filings. These exhibits do not meet the Rule 59(e) standard.

Exhibit 4 is the PMI estimate. It was not previously made part of the record, but it does not constitute new evidence because plaintiffs concede it was given to them "prior to the signing of the mortgage on March 28, 2007." Pls.' Mot. ¶ L. Plaintiffs seek to uncover the calculations that were used to derive the PMI estimate, but this is also an effort to "relitigate old matters." *See Exxon Shipping Co.*, 554 U.S. at 486 n.5.

Exhibit 1 is an extract from the Post Closing Audit Summary. Plaintiffs argue that this exhibit demonstrates that their payments were current and that the late payment in March 2009 should not have affected whether the PMI was removed. Pls.' Mot. ¶ A. But the document does not undermine the Court's original determination of plaintiffs' ineligibility to have the PMI removed. *Id.*; *see Ihebereme*, 933 F. Supp. 2d at 105–06 (holding that as of March 2009, plaintiffs had paid down only approximately 2% of the loan).

## II.    Defamation as to Christopher Ihebereme's Family

Plaintiffs also alleged that defendants defamed plaintiff Christopher Ihebereme to his family by allegedly sending letters "address[ed] to 'Occupant'" to his household. 2d Am.

---

[5]    Plaintiffs must have paid the mortgage balance down to 78% of original value *and* have payments current on the account. Addendum to Loan Application ¶ 11.

Compl. ¶ 93. In a claim for defamation in the District of Columbia, a plaintiff has the burden of proving that

> (i) a false and defamatory statement was written by the defendant about the plaintiff; (ii) the defendant published it without privilege to a third party; (iii) the defendant exhibited some fault in publishing the statement; and (iv) the statement is actionable as a matter of law or the publication has caused the plaintiff special harm.

*Messina v. Fontana,* 260 F. Supp. 2d 173, 176–77 (D.D.C. 2003), *aff'd sub nom. Messina v. Krakower*, 439 F.3d 755 (D.C. Cir. 2006).

The Court granted summary judgment on this claim on two grounds. First, the Court found that the only letters in the record were letters addressed to plaintiffs Christopher Ihebereme and Chidozie Ihebereme, not to any 'occupants,' as alleged. *Ihebereme*, 933 F. Supp. 2d at 100. Second, the Court held that defendants had a qualified immunity because when they sent the letters to plaintiffs stating that the loan was delinquent, they reasonably believed the truth of those statements. *Id.* ("A qualified privilege exists if the publisher believes, with reasonable grounds, that his statement is true."), citing *Ford Motor Credit Co. v. Holland*, 367 A.2d 1311, 1314 (D.C. 1977).

Plaintiffs present exhibit 5, a Notice of Foreclosure addressed to both plaintiffs and "Current Occupant(s)," as "new evidence" to challenge the Court's conclusion. Exhibits at 33–35. This exhibit fails to fulfill the Rule 59(e) standard for "new evidence" because plaintiffs do not argue that it was previously unavailable or that it could not have been presented to the Court before a judgment was entered. Moreover, the letter does not demonstrate, nor do plaintiffs argue, that the Court's finding of a qualified immunity is legally erroneous. Therefore, plaintiffs' motion for reconsideration with regard to this claim will be denied.

**CONCLUSION**

For the reasons set forth above, the Court will deny plaintiffs' motion for reconsideration

and for new trial. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: November 12, 2013